## EX PARTE VICENTE AND ANTÓN ALVAREZ, Petitioners.

No. 94.   Argued April 15, 1929.—Decided July 16, 1929.

*J. Valldejuli* for the petitioners.   *José E. Figueras, Fiscal,* for The People.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 8th of April, 1929, it would appear that the District Court of San Juan rendered the following judgment:

"This case was called for trial and the *fiscal* Romaní and the defendants appeared.   The information was read and the defendants entered a plea of not guilty.   After hearing the evidence the court adjudges the defendants guilty of the crime of assault and battery with aggravated circumstances and imposes upon them a fine of $500 or a day in jail for each dollar which they may fail to pay, the punishment not to exceed ninety days, with half of the costs to each of the defendants."

While we agree that the said judgment is not as clear as it might be, yet by its concluding words "to each of the defendants" the intention of the court was displayed to im-

pose, not a joint penalty, but a fine of $500 upon each of the defendants. It would be absurd to suppose that a sentence of ninety days was to be undergone jointly by the two defendants, or that the court was imposing a fine that was to be paid indiscriminately by the defendants, especially where one paid and the other did not; so that the petitioners are not entitled to release on habeas corpus because of the supposed defective judgment.

It is therefore evident that the secretary of the district court was not rendering a judgment for the court itself but merely doing his ministerial duty when he entered judgment against each of the defendants in the sum of $500.

The District Court of San Juan has been reorganized several times. Its latest reorganization took place on September 16, 1925. Under the Act of that date the district judges do certain things, but each judge is assigned to a special term and he acts just as if he were a sole judge holding the court. Session Laws 1925, page 968. The petitioners have cited us to nothing nor do we find anything in the statute that would require all the judges to take part in the pronouncement of the judgment in a criminal case.

On the other hand, we have become convinced that the commitment in this case was defective and did not follow the law. Section 327 of the Code of Criminal Procedure provides:

"When a judgment other than of death has been pronounced, a certified copy of the entry thereof upon the minutes must be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require its execution."

The fair construction of this section is that it is the duty of the secretary of the court to deliver to the marshal or the jailer, as the case may be, a certified copy of the judgment. This certified copy of the judgment is the authority for the warden of the jail to place a defendant under his custody. The return of the warden of the jail in this case shows no

848

such certified copy of the judgment. In each case the warden of the jail has presented a certificate which *mutatis mutandis* reads as follows:

"The People of Porto Rico, to the Warden of the District Jail of San Juan. You are ordered to admit Vicente Alvarez into the penitentiary inasmuch as he has been declared guilty of_____ with regard to case No. 735 followed against him by the People of Porto Rico for the offense of assault and battery with aggravating circumstances, and because a judgment was rendered in this case on this date by the court, sentencing the said defendant to a fine of $500 or one day in jail for each dollar which he fails to pay, the imprisonment not to exceed ninety days."

While the contents of the judgment are made plain by the certificate, yet it is not a compliance with the statute as written. Therefore the prisoners are not confined by any due order placed in the hands of the warden of the jail.

The petition must prevail and the prisoners must be discharged, without prejudice to the right of the district court to deliver a certified copy of the original judgment rendered to the official who has the duty to execute it, and the bond is canceled.